Oliver Jones, Jr., appeals the circuit court's denial of his Rule 32, Ala.R.Crim.P., petition in which he challenges his 1991 convictions and sentences for the following offenses: 4 counts of bribery for which he was sentenced to 10 years' imprisonment; trafficking cocaine for which he was fined $50,000 and sentenced to life imprisonment; and unlawful distribution of cocaine for which he was sentenced to 15 years' imprisonment. He raises two issues for review on appeal.
 I.
Jones contends that the trial court erred by failing to conduct an evidentiary hearing on his allegation that juror misconduct had occurred during his trial and on his allegation that he had been convicted through the use of perjured testimony. This argument is precluded because this issue could have been raised or addressed at trial and was not. See Rule 32.2(a)(3), Ala.R.Crim.P. Jones admitted that he knew that two of the jurors had lied when they failed to admit during voir dire that they knew him.
Jones's allegation that one of the state's witness, Officer Stokes, had given perjured testimony at trial is also precluded from review. Jones contends that based on Stokes's testimony at trial, the state should have been aware that Stokes had perjured himself. Clearly, this issue could have been raised on direct appeal. See Rule 32.2(a)(3) and (5). For this reason, the trial court did not err by failing to grant Jones's request for an evidentiary hearing on these issues.
 II.
Jones further contends that the circuit court erred by failing to conduct an evidentiary hearing on his claims of ineffective assistance of counsel. Jones raised the following claims of ineffective assistance of counsel before the circuit court: (1) that trial counsel was ineffective for failing to object to the court's oral charge on entrapment, (2) that trial counsel was ineffective for failing to present to the trial court adequate requested jury charges on the issue of entrapment, (3) that trial counsel was ineffective for failing to object to certain alledged hearsay evidence admitted at trial,[1] (4) that trial counsel was ineffective for failing to object to or move for a mistrial after, allegedly improper remarks by the prosecution in closing arguments, (5) that trial counsel was ineffective for failing to object to alleged juror misconduct as to which counsel had been informed by Jones, (6) that trial counsel was ineffective for failing to object to alleged perjured testimony offered by one of the prosecution's witnesses, (7) that trial counsel was ineffective for failing to seek an acquittal on the grounds that Jones's due process rights had been violated, and (8) that trial counsel was ineffective for failing to file a motion to dismiss the indictment.
The state contends that the circuit court did not err in summarily dismissing Jones's Rule 32 petition on the basis of the ineffective assistance of counsel claims because, it argues, Jones failed to allege that, but for counsel's deficiencies, the outcome of the trial would have been different. The state's assertion is without merit. Jones alleged prejudice resulting from each and every instance of ineffective assistance cited in *Page 484 
his petition. The circuit court's order dismissing Jones's petition was as follows: "The Rule 32 petition is dismissed for failure to state a claim as the allegations other thanineffective assistance of counsel were raised at trial, on appeal, or should have been raised on appeal."
We find that the circuit court erred by summarily dismissing this petition without addressing the allegations of ineffective assistance of counsel. The trial court is hereby ordered to make a finding on the merits of Jones's claims through affidavits from trial counsel, further factfinding by the court based on its knowledge of the case, and/or an evidentiary hearing on the issues of ineffective assistance of counsel. The circuit court is to to make specific findings of fact and conclusions of law as to each claim asserted in the petition. If the circuit court determines that an evidentiary hearing is required, a transcript of that proceeding should be included in the return to remand along with the written statement of the court's findings. The court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 90 days of the release of this opinion. Upon due return, by the trial court Jones shall have 21 days in which to file a supplemental brief with this court. The state shall have 14 days from the filing of Jones's brief or from the expiration of the time herein provided for the filing of Jones's brief, whichever occurs first, to file a supplemental brief.
REMANDED WITH INSTRUCTIONS.
All Judges concur.
 ON RETURN TO REMAND
[1] In his brief to the circuit court, Jones provides pages in the original record containing the alleged hearsay evidence that was admitted without objection.